UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO.: 2:19-cr-150-SPC-NPM

CRAIG AUSTIN LANG

## **ORDER**

Before the Court is the Government's Motion in Limine to admit the recorded 911 call of Lorena Ensley on April 9, 2018. (Doc. 371). Mrs. Ensley placed the call and described what she perceived shortly after hearing gunshots in the vicinity of her home. As grounds for the call's admissibility, the Government relies on Federal Rule of Evidence 803(1), which provides a hearsay exception for statements "describing or explaining an event or condition, made while or immediately after the declarant perceived it."

Defendant responded. (Doc. 379). Apparently the recording of Mrs. Ensley's 911 call provided to Defendant in discovery "cuts off shortly after [she] is transferred to the sheriff's office[.]" (*Id.*). So there may be some confusion as to whether there is more to the 911 call. However, to the extent the recording provided to Defendant is the entirety of what the Government intends to introduce, Defendant has no objection to the Government's motion. (Doc. 379).

The Government did not move to file a reply and clarify the contents of the 911 call. Regardless, the 911 call is admissible under Rule 803(1). *See United States v. Holmes*, 498 F. App'x 923, 924–25 (11th Cir. 2012) (finding the district court did not abuse its discretion by admitting two 911 calls as present sense impressions under Rule 803(1)).

Accordingly, it is now

**ORDERED:**

The Government's motion in limine to include the recorded 911 call of Lorena Ensley on April 9, 2018 (Doc. 371) is **GRANTED**.

**DONE AND ORDERED** in Fort Myers, Florida on July 7, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record