UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO.: 2:19-cr-150-SPC-NPM

CRAIG AUSTIN LANG

**<u>ORDER</u>**

The Government moves in limine to preclude Defendant Craig Austin Lang from using, introducing, publishing, or quoting the contents of law enforcement reports to improperly impeach witnesses or otherwise suggest to the jury that the law enforcement reports are statements of witnesses who did not write, ratify, or adopt them. (Doc. 370). Defendant responded in opposition. (Doc. 374). For the below reasons, the Court grants the motion in part.

Both the Government's motion and Defendant's response are identical to the briefing on the same issue before the trial of Defendant's codefendant and alleged co-conspirator, Alex Zwiefelhofer. (*Compare* Docs. 370, 374 *with* Docs. 136, 155). And there, the Court granted the Government's motion in part, ruling that "[a]lthough Defendant may use law enforcement reports to refresh a witness's recollection, he may not use them to improperly impeach witnesses." (Doc. 169). Without any new argument from either party, there is

no reason to depart from the Court's prior ruling. *See also United States v. Saget*, 991 F.2d 702, 710–11 (11th Cir. 1993) ("[A] witness may not be impeached with a third party's characterization or interpretation of a prior oral statement unless the witness has subscribed to or otherwise adopted the statement as his own.").

Accordingly, it is now

**ORDERED:**

1. The Government's third motion in limine (Doc. 370) is **GRANTED in part**.

2. Although Defendant may use law enforcement reports to refresh a witness's recollection, he may not use them to improperly impeach a witnesses.

**DONE AND ORDERED** in Fort Myers, Florida on July 10, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Parties of Record

2