UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:19-cr-150-SPC-NPM

CRAIG AUSTIN LANG

## ORDER

Before the Court is Defendant Craig Austin Lang's Motion to Bar Victim Character and Sympathy Evidence (Doc. 372). In response to Defendant's request to exclude victim impact evidence and certain details about S.L., Jr.'s disability, the Government represents that it does not intend to elicit such testimony at trial. (Doc. 378 at 2, 5). The Court relies on and will hold the Government to these representations. The Court otherwise finds the evidence Defendant seeks to preclude is probative for providing background or for identification purposes. *See* Fed. R. Evid. 401 advisory committee's notes ("Evidence which is essentially background . . . is universally offered and admitted as an aid to understanding."); *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1976) ("The policy of the [Federal Rules of Evidence] is one of broad admissibility, and the generous definition of 'relevant evidence' in Rule 401 was specifically intended to provide that background

evidence . . . is admissible."). And the evidence's probative value is not substantially outweighed by unfair prejudice. See Fed. R. Evid. 403.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Bar Victim Character and Sympathy Evidence (Doc. 372) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on July 11, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

2