UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No.: 2:19-cr-150-SPC-NPM

CRAIG AUSTIN LANG

## ORDER

Before the Court are Defendant Craig Austin Lang's Motion in Limine to Preclude Government Expert From Presenting Opinions Which Overstate Scientifically Reliable Results During Firearms Identification Testimony (Doc. 366) and the Government's response (Doc. 386). For the below reasons, the Court denies the motion.

Defendant is charged in a six-count superseding indictment for his alleged involvement in a robbery and double murder with the use of a firearm. (Doc. 32). The Government's expert, Crime Laboratory Analyst Anthony Byrd, will opine that multiple firearms sold by Defendant fired the casings found at the crime scene. Defendant seeks to preclude or limit such testimony. Essentially, he argues that Byrd's methodology—Firearm Toolmark Identification ("FTI")—is unreliable.[1] For support, he cites three reports from

---

[1] Notably, Defendant does not challenge Byrd's application of FTI or his qualifications. Rather, he argues the entire practice of FTI is unreliable.

2008, 2009, and 2016 issued by the National Academy of Sciences and the President's Council of Advisors on Science and Technology ("PCAST"). (Doc. 366).

> Another court in this District aptly summarized the FTI methodology:
>
> Firearm toolmark identification methodology stems from the theory that every firearm leaves a unique mark on the bullets that pass through it due to random irregularities in firearm manufacturing. The Association of Firearm and Tool Mark Examiners ("AFTE") methodology requires examiners to subjectively compare the marks on different bullets for "sufficient agreement" to determine whether they came from the same firearm. Specifically, the examiner test-fires the firearm in question to obtain a "test bullet" and then compares the features on the test bullet, which he knows came from the firearm, to the bullet recovered from a crime scene to determine whether that bullet came from the same firearm. If there is sufficient agreement, the firearm is considered a match to the recovered bullet. In a typical case, a second examiner then independently examines the evidence to verify the first examiner's results. When all is said and done, an examiner's conclusion that a particular firearm matches a particular bullet is subjective.

*United States v. Randolph*, No. 8:22-CR-145-TPB-AAS, 2024 WL 1703643, at *2 (M.D. Fla. Apr. 19, 2024) (citations omitted). The *Randolph* court observed that "courts have generally allowed firearm examiners to testify, without many restrictions, that a bullet found at the scene of a crime was fired from a particular gun." *Id*. at *3 (citation omitted). Indeed, "[t]his type of testimony has been accepted in state and federal courts throughout the country for the better part of a century." *Id*. (citation omitted); *see also United States v. Pete*, No. 3:22-CR-48-TKW, 2023 WL 4928523, at *2 (N.D. Fla. July 21, 2023), *aff'd*,

No. 23-14112, 2024 WL 4040388 (11th Cir. Sept. 4, 2024) ("FTI has long been accepted as a field worthy of expert testimony[.]").

*Pete* is instructive on all fours. There, the defendant similarly sought to exclude as junk science the Government's expert testimony that relied on FTI. *Pete*, 2023 WL 4928523, at *2 (N.D. Fla. July 21, 2023). In doing so, the defendant pointed to the same three reports as Defendant does here.[2] But the *Pete* court rejected the defendant's arguments, explaining that "despite the criticisms raised in the PCAST Report and the other studies relied on by Defendant, the AFTE methodology continues to be generally accepted in the firearm expert community." *Id*. The Eleventh Circuit affirmed. *See Pete*, 2024 WL 4040388, at *2. The Court agrees with *Pete*'s analysis and conclusion.

Alternatively, Defendant asks the Court to limit Byrd's testimony to the directives of the Department of Justice's Uniform Language for Testimony and Reports for the Forensic Firearms/Toolmarks Discipline Pattern Examination.[3] (Doc. 366 at 23). One court instilled such a requirement (after otherwise denying the defendant's motion in limine) so that "the expert's testimony cannot be presented as absolute scientific certainty, and he must

---

[2] *See United States v. Pete*, Defendant's Motion to Exclude Firearm Identification Evidence, 3:22-cr-48-TKW, Doc. 40 at 2–3 (N.D. Fla. July 7, 2023).

[3] This document can be found at: https://www.justice.gov/olp/media/1295781/dl?inline. Essentially, this internal DOJ policy (or at least the portions that Defendant cites) requires that examiners providing expert testimony regarding FTI not state that the findings are 100% conclusive.

acknowledge and explain to the jury the significance of rates of error in the field of ballistic analysis." *United States v. Abarca*, No. 22-CR-20505, 2024 WL 1240117, at *2 (S.D. Fla. Mar. 5, 2024), *report and recommendation adopted*, 2024 WL 1239476 (Mar. 21, 2024). The Court is unpersuaded that such a requirement is necessary. Defendant may cross-examine the Government's firearm expert with the PCAST and other reports to accomplish this goal.[4] Or Defendant may proffer his own qualified expert to rebut Byrd's testimony. But the Court will not limit an otherwise reliable (even if not infallible) methodology. *See Riley v. Tesla, Inc.*, 603 F. Supp. 3d 1259, 1281 (S.D. Fla. 2022) ("An expert's method need not be perfect, nor must he apply it perfectly." (citation omitted)).

In short, Defendant's arguments are not novel. Courts, such as *Pete*, have rejected the same arguments Defendant raises here. There is no need for this Court to reinvent the wheel.

Accordingly, it is now

**ORDERED:**

1. Defendant's motion in limine (Doc. 366) is **DENIED**.

2. Defendant's request for a *Daubert* hearing is **DENIED as moot.**

---

[4] It appears the DOJ instills these requirements on its examiner anyway, and the Government states that it will not run afoul of such requirements. (Doc. 386 at 14).

**DONE AND ORDERED** in Fort Myers, Florida on July 11, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record