UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:19-cr-150-SPC-NPM

CRAIG AUSTIN LANG

## **ORDER**

Before the Court is Defendant Craig Austin Lang's Motion in Limine to Preclude Introduction of Coconspirator Hearsay Statements Not During the Course and In Furtherance of the Alleged Conspiracy, and Idle Chatter. (Doc. 384). The Government responded in opposition. (Doc. 388). For the below reasons, the Court denies the motion.

Lang is charged in a six-count superseding indictment for his alleged involvement in a robbery and double murder and violation of the Neutrality Act. (Doc. 32). Lang's codefendant and alleged coconspirator, Alex Zwiefelhofer, faced the same indictment but has already been separately tried. The Government's theory is that Lang's and Zwiefelhofer's motivation for the robbery was to obtain funding to travel to Venezuela to engage in combat against the Venezuelan government.

The Government intends to introduce Facebook communications made by Zwiefelhofer to Kory Turner under Federal Rule of Evidence 801(d)(2)(E). Defendant moves to exclude such statements.

Rule 801(d)(2)(E) provides that a statement is not hearsay if it is offered against an opposing party and it "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). To admit a statement under this rule, "the government must prove by a preponderance of the evidence that (1) a conspiracy existed, (2) the conspiracy included the declarant and the defendant against whom the statement is offered, and (3) the statement was made during the course of and in furtherance of the conspiracy." *United States v. Underwood*, 446 F.3d 1340, 1345–46 (11th Cir. 2006). The court "applies a liberal standard in determining whether a statement was in furtherance of a conspiracy." *United States v. Siegelman*, 640 F.3d 1159, 1181 (11th Cir. 2011) (citation omitted).

The gist of the communications Lang seeks to exclude involve Zwiefelhofer's efforts to acquire a boat to sail to South America to "overthrow the Venezuelan government." (Doc. 388-1 at 4). Zwiefelhofer also seemingly attempts to recruit Turner, asking him whether he is "down to commit loads of murders and robberies and steal [a] boat and leave the country" (*id.* at 6) and if he is "down to go south" (*id.* at 4).

Assuming the Government makes the requisite foundation, the foregoing statements by Zwiefelhofer fall squarely within the coconspirator hearsay exclusion. Zwiefelhofer is Lang's alleged coconspirator. Zwiefelhofer's statements would be offered against Lang, the opposing party. And given the Government's theory that Zwiefelhofer and Lang conspired to travel to Venezuela to engage in combat against the Venezuelan government, Zwiefelhofer's plans to steal a boat to use to leave the country to "overthrow the Venezuelan government" sure seem to further the interest of the conspiracy. *See Siegelman*, 640 F.3d at 1181 ("The statement need not be necessary to the conspiracy, but must only further the interests of the conspiracy in some way." (citation omitted)); *United States v. Smith*, No. 4:02-CV-341-RH/WCS, 2003 WL 27390129, at *3 (N.D. Fla. Aug. 4, 2003), *report and recommendation adopted*, 2003 WL 27390128 (Sept. 22, 2003) ("[S]tatements made in planning the robbery were clearly in furtherance of the conspiracy."). The same is true of Zwiefelhofer's inquiry as to whether Turner is "down" to join the conspiracy. *See United States v. Miles*, 290 F.3d 1341, 1351 (11th Cir. 2002) ("Statements made to solicit membership or participation in the conspiracy and statements explaining the conspiracy to a new member are made in furtherance of the conspiracy.").

Lang also argues that he anticipates the Government "will also attempt to introduce idle chatter and unrelated conjecture in text messages by him and

3

others," which should be excluded because they were not in furtherance of the conspiracy. (Doc. 384 at 3). But he neglects to offer the substance of any such statements. So essentially, he asks the Court to tell the Government to follow the rules. Such a motion is not appropriate.

Accordingly, it is now

**ORDERED:**

Defendant's Motion in Limine to Preclude Introduction of Coconspirator Hearsay Statements Not During the Course and In Furtherance of the Alleged Conspiracy, and Idle Chatter (Doc. 384) is **DENIED without prejudice**.

**DONE AND ORDERED** in Fort Myers, Florida on July 16, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Parties of Record

4