UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO.: 2:19-cr-150-SPC-NPM

CRAIG AUSTIN LANG

---

# ORDER

Before the Court is the Government's Motion in Limine to Allow Evidence Under Fed. R. Evid. 404(b). (Doc. 363). Defendant Craig Austin Lang responded in opposition. (Doc. 365). For the below reasons, the Court grants the motion.

Lang is charged in a six-count superseding indictment for his alleged involvement in a robbery and double murder and violation of the Neutrality Act. (Doc. 32). Pertinent here, count V of the superseding indictment charges Lang with Conspiracy to Kill, Kidnap, or Maim Persons in a Foreign Country, namely Venezuela. And count VI charges him with violation of the Neutrality Act by preparing for and taking part in a military expedition against a foreign nation with whom the United States is at peace—Venezuela. (*Id.*). Lang's codefendant and alleged coconspirator, Alex Zwiefelhofer, faced the same indictment but has already been separately tried and convicted.

In a nutshell, the Government's theory is that Lang and Zwiefelhofer intended to travel to Venezuela to engage in combat to overthrow the Venezuelan government. But because they were short on funds for the trip, they committed the robbery. To further its theory, the Government moves to admit character evidence of Lang under Federal Rule of Evidence 404(b).[1] (Doc. 363).

The evidence the Government intends to introduce is better understood in context. According to the Government, throughout 2015 to 2017, Lang went to Ukraine where he joined the Ukrainian Army and engaged in combat against Russian-back separatists. Subsequently, he and Zwiefelhofer traveled to Kenya in 2017 to join the Sudan People's Liberation Army in South Sudan to engage in further combat. While there, he was arrested by the Kenyan police and sent back to the United States. The United States cancelled Lang's passport by notating that it could be used only for return to the United States. Fast forward to after the alleged robbery and murders, Lang traveled to North Carolina, where he purchased personal identification documents from an individual. Lang then used these documents to obtain a fraudulent driver's license. Lang then attempted to use this new identity to obtain a new passport, but he abandoned this effort when it started going south. Instead, he smudged

---

[1] Prior to filing the motion, the Government filed a Notice of Intent to Introduce Evidence Under Fed. R. Evid. 404(b). (Doc. 362).

the ink on his own passport that indicated "[t]his passport is valid only for return travel to the United States" so as to make it illegible. He then used this altered passport to travel out of the United States and, eventually, to Venezuela.

Against this backdrop, the Government seeks to introduce four categories of evidence: (1) Lang's participation in combat-related activity in Ukraine against Russian-backed separatists; (2) Lang's intent and attempt to engage in combat in South Sudan with Zwiefelhofer; (3) Lang's acquisition of a false driver's license; and (4) Lang's intent and attempt to obtain a fraudulent passport using the fraudulent driver's license and purchased identification documents. (Doc. 362 at 2–3). The Government seeks to introduce this evidence under Rule 404(b).

Under Rule 404(b)(1), evidence of a defendant's other crimes or wrongs "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But such evidence may be admissible if offered for another purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "For evidence of other crimes or acts to be admissible under Rule 404(b), (1) it must be relevant to an issue other than defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that

3

the defendant committed the act(s) in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403." *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).

The Court finds the evidence of Lang's prior conduct is admissible.[2] Recall the Government's theory that Lang and Zwiefelhofer conspired to travel to Venezuela to engage in combat against the Venezuelan government. Lang's prior combat in Ukraine and South Sudan may establish that his motive, intent, and plan for traveling to Venezuela was to similarly engage in combat.[3] Indeed, the only differences between Lang's prior warfighting efforts and the allegations in counts V and VI is the country and people involved. *See United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005) ("A similarity between the other act and a charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense.").

The remaining prior acts—Lang's acquisition of a fraudulent driver's license and attempt to obtain a fraudulent passport—fall outside the scope of Rule 404(b) altogether. "Evidence of criminal activity other than the charged

---

[2] This ruling is conditioned on the Government offering sufficient proof at trial to enable a jury to find by a preponderance of the evidence that the defendant committed the prior acts in question.

[3] The Court granted an almost identical motion before Zwiefelhofer's trial regarding prior combat in Ukraine and South Sudan. (Doc. 167). There is no reason to depart from the Court's prior ruling.

4

offense is not 'extrinsic' under Rule 404(b), and thus falls outside the scope of the Rule, when it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *Edouard*, 485 F.3d at 1344 (citations omitted). According to the Government's theory, Lang needed a passport to travel to Venezuela where he intended to engage in combat against the Venezuelan government. Because a passport is required to travel to Venezuela, Lang's efforts to obtain a fraudulent passport were "necessary to complete the story of the crime[.]"[4] *Id.*

Rule 403 does not compel the evidence's exclusion because any prejudice from the evidence's admission does not substantially outweigh its probative value.[5] *See* Fed. R. Evid. 403. Rule 403 "should be used only sparingly" and courts must "look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006). Indeed, "in a criminal trial, relevant evidence is inherently prejudicial; it is only when *unfair*

---

[4] Even under Rule 404(b)(1), it seems this evidence would demonstrate Lang's intent, plan, and preparation to leave the United States—a requisite step for traveling to Venezuela.

[5] Notably, Lang repeatedly and erroneously argues the inverse of this standard: that the probative value of the evidence does not substantially outweigh its prejudice. (Doc. 365 at 10, 13).

5

prejudice substantially outweighs probative value that the rule permits exclusion." *Edouard*, 485 F.3d at 1346 (cleaned up and emphasis original). The Court finds no unfair prejudice. And as the Government observes, "[t]he risk of undue prejudice can be reduced by an appropriate limiting instruction." *United States v. Hood*, No. 21-13903, 2025 WL 1454356, at *5 (11th Cir. May 21, 2025) (citing *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005)).

In short, the Court finds that the proposed Rule 404(b) evidence will be offered to prove Lang's motive, intent, and plan to commit the offenses charged in counts V and VI of the superseding indictment, not to prove his bad character. The admission of such evidence does not unfairly prejudice Lang, and any prejudice can be mitigated with a limiting instruction.

Accordingly, it is now

**ORDERED:**

The Government's Motion in Limine to Allow Evidence Under Fed. R. Evid. 404(b) (Doc. 363) is **GRANTED**.

**DONE AND ORDERED** in Fort Myers, Florida on July 21, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Parties of Record