UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No.: 2:19-cr-150-SPC-NPM

CRAIG AUSTIN LANG

## OPINION AND ORDER

Before the Court is Defendant Craig Austin Lang's Motion to Enforce Sentencing Assurances Made by the United States During Extradition Proceedings (Doc. 375) and the Government's response (Doc. 380). For the below reasons, the Court denies the motion.

## Background

Lang is charged with multiple counts for his involvement in a double murder and robbery. In August 2019, the United States was notified that Lang had been arrested in Ukraine and initiated extradition proceedings to secure his return to the United States to face the criminal charges. After a grand jury returned the Superseding Indictment (Doc. 32) in December 2019, the United States requested Lang's extradition from Ukraine for the six federal offenses charged. (Doc. 2 (2:19-mc-19-JES-MRM)).

The United States wrote to Ukraine's Prosecutor General's Office ("PGO"), assuring Ukraine that the United States would not seek the death

penalty against Lang and would only prosecute him for those offenses for which he was extradited. (Doc. 380-1). In August 2020, the PGO agreed to Lang's extradition. (Doc. 380-2).

Lang appealed his extradition to the European Court of Human Rights ("ECHR"). During the appeal, the United States explained the applicable federal sentencing framework to the PGO. (Doc. 375-2). The United States observed that a plea agreement "may also include the parties' recommendation as to the appropriate sentence that—depending upon the type of plea agreement that is negotiated—may or may not bind the judge regarding the sentence that will be imposed." (*Id.* at 3). The United States elaborated: "If [Lang] enters a plea, the estimated low-end guideline range could be 292 months of imprisonment with the high end being 365 months." (*Id.*).

In November 2023, the ECHR upheld Lang's extradition. (Docs. 375-1 (ECHR opinion); 380-3 (PGO's extradition letter)). In May 2024, Lang was extradited from Ukraine to the United States.

## Analysis

Lang argues that the United States assured Ukraine that a sentence of life imprisonment was not irreducible before trial. (Doc. 375 at 3). He states that in June 2025, he offered a global plea of guilty to a determinate guideline range in accordance with the United States' assurances, but the United States rejected his offer. (Doc. 375-3). Lang requests that the Court enforce the

assurances and sentence him within the range specified in the United States' letter to the PGO and "relied upon" by the ECHR, or release him.

In response, the United States disputes that Lang has standing because he failed to allege a violation of the rule of specialty. (Doc. 380 at 1). "Under the doctrine of specialty, a nation that receives a criminal defendant pursuant to an extradition treaty may try the defendant only for those offenses for which the other nation granted extradition." *United States v. Puentes*, 50 F.3d 1567, 1572 (11th Cir. 1995). "[A] criminal defendant has standing to allege a violation of the principle of specialty." *Id.* However, the Eleventh Circuit limits a "defendant's challenges under the principle of specialty to only those objections that the rendering country might have brought." *Id.*

While the standing issue is potentially problematic for Lang, the Court does not address it at this time because the Government identifies a different flaw: the motion is premature. The Government states that Lang "cannot complain about a sentencing assurance that has yet to be violated by the United States, in the absence of the Defendant being sentenced." (Doc. 380 at 1–2). True. Lang has not been tried or convicted—much less sentenced. *See Rodriguez Benitez v. Garcia*, 495 F.3d 640, 643 (9th Cir. 2007) ("This dispute became ripe as soon as the state court entered a sentence of fifteen years to life.") citing *United States v. Campbell,* 300 F.3d 202, 211 (2d Cir. 2002) (recognizing a difference between extradition terms limiting what sentence

3

could be entered by the receiving state's courts and what sentence the receiving state could force the prisoner to serve)). If the Court ruled on Lang's motion, it would merely be rendering an advisory opinion concerning a sentencing matter.

Accordingly, it is now

**ORDERED:**

Defendant Craig Austin Lang's Motion to Enforce Sentencing Assurances Made by the United States During Extradition Proceedings (Doc. 375) is **DENIED without prejudice**.

**DONE AND ORDERED** in Fort Myers, Florida on July 21, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record