UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:19-cr-150-SPC-NPM

CRAIG AUSTIN LANG

**ORDER**

Before the Court are the Government's Second Motion in Limine to Admit Statements Against Interest (Doc. 369) and Defendant Craig Austin Lang's response (Doc. 382). For the below reasons, the Court denies the motion.

Lang is charged in a six-count superseding indictment for his alleged involvement in a robbery and double murder. (Doc. 32). Lang's co-defendant and alleged co-conspirator, Alex Zwiefelhofer, faced the same indictment but has already been separately tried. The Government's theory is that Lang's and Zwiefelhofer's motivation for the robbery was to obtain funding to travel to Venezuela to engage in combat against the Venezuelan government. To prepare for trial, the Government moves to admit statements made by

Zwiefelhofer to "Witness One" as evidence of Lang and Zwiefelhofer's involvement in the robbery and murders. (Doc. 369).[1]

According to the Government, "Witness One" spoke with Lang several months after the robbery occurred. During that conversation, Lang told Witness One that he and Zwiefelhofer were low on funds, so they killed two individuals before taking $3,000 from them. Witness One did not believe Lang's story until he later spoke with Zwiefelhofer, who largely corroborated Lang's story but claimed that he (Zwiefelhofer) killed both people because Lang was panicking and sort of flailing under fire. (Doc. 369 at 4).

The Government recycled this motion from the one it filed before the Zwiefelhofer trial, and it shows. For instance, it argues that case law supports "admitting the statements of *Lang* to Witnesses One, *Two, and Three*, as statements against interest." (Doc. 369 at 7) (emphasis added). But the present motion only addresses statements made to Witness One; there is no mention of conversations with two other witnesses. Additionally, the motion is purportedly geared toward admitting Zwiefelhofer's statements to Witness One as a statement against interest, not Lang's. This mish-mash of two motions persists throughout. The best the Court can discern, the Government

---

[1] The Government filed a similar motion before Zwiefelhofer's trial seeking to admit Lang's statements to Witness One (among other witnesses) under the same hearsay exceptions/exclusions. (Doc. 130).

2

seems to argue Zwiefelhofer's statements to Witness One are admissible under Rule 804(b)(3) as statements against interest or, alternatively, under Rule 801(d)(2)(B) as an adopted admission.

Rule 804(b)(3) provides that an otherwise hearsay statement is not excluded if the declarant is "unavailable" as a witness and the statement is one that meets certain criteria. But the additional criteria are irrelevant here because the Court need not advance past the first element—unavailability—to deny the Government's motion.

The Government argues Zwiefelhofer is unavailable under Rule 804(a)(1),[2] which provides that a declarant is unavailable if he "is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies." According to the Government, Zwiefelhofer fits the bill because his Fifth Amendment privilege against self-incrimination protects him from offering his statements to Witness One, which inculpate him in the robbery and murder. Maybe that's true, but the Court has not ruled that the privilege applies. Nor can it at this juncture because there is no indication from Zwiefelhofer or his attorney that he intends to assert his Fifth Amendment privilege to avoid testifying. Instead, the Government kindly asserts the privilege on his behalf—despite the fact

---

[2] The Government's motion cites Rule 804(a)(2) (Doc. 369 at 5), further reflecting the issues the Court has with the motion.

3

Zwiefelhofer declined to invoke this privilege in his own trial (which is pending appeal). But that is not how it works. *See* FED. R. EVID. 804(a)(1) advisory committee's notes ("A ruling by the judge is required, which clearly implies that an actual claim of privilege must be made."); *United States v. Udey*, 748 F.2d 1231, 1243 (8th Cir. 1984) (declarants were not unavailable as witnesses because "[t]he record in this case reflects neither a claim of privilege, nor a ruling by the court"); *United States v. Pelton*, 578 F.2d 701, 710 (8th Cir. 1978) (defendant failed to show declarant was unavailable when defense counsel simply asserted that the declarant was facing charges and thus would claim Fifth Amendment privilege without providing any indication that the declarant had been so advised or decided to exercise privilege and defendant made no effort to produce the declarant); *United States v. Thomas*, 571 F.2d 285, 288 (5th Cir. 1978) ("Rule 804(a)(1) requires an express assertion of the privilege and a ruling by the court that the privilege constitutes unavailability."); *Sanders v. Moore*, 156 F. Supp. 2d 1301, 1314 (M.D. Fla. 2001) ("I have found no authority supporting a waiver of 'a ruling of the court' on the issue of unavailability due to testimonial privilege in a case such as this where the declarant was not himself on trial at the time his out of court declaration was offered into evidence through another witness."); *Cotton v. City of Eureka, Cal.*, No. C 08-04386 SBA, 2010 WL 5154945, at *9 (N.D. Cal. Dec. 14, 2010) (finding declarant was not unavailable because he did not invoke his

4

Fifth Amendment privilege in court, rendering the court unable to rule on the privilege).[3]

Until Zwiefelhofer invokes his Fifth Amendment privilege or, at the very least, indicates an intent to do so, the Government fails to carry its burden of showing he is unavailable as a witness. *See United States v. Kennard*, 472 F.3d 851, 856 (11th Cir. 2006) (noting the proponent of the evidence bears the burden of establishing its admissibility). So Rule 804(b)(3) is inapplicable at this stage.

Alternatively, the Government argues Zwiefelhofer's statements are admissible as adopted admissions under Rule 801(d)(2)(B). This rule provides that a statement is not hearsay if "the statement is offered against an opposing party" and "is one the party manifested that it adopted or believed to be true[.]" Fed. R. Evid. 801(d)(2)(B). This easily fails.

The Government argues that Lang made statements to Witness One implicating himself and Zwiefelhofer in the robbery and murders, which Zwiefelhofer subsequently adopted. But the glaring problem is Zwiefelhofer is not the opposing party here, Lang is. The rule plainly requires that the

---

[3] Although some courts have crafted limited exceptions, none are present here. *Cf. United States v. Miller*, 954 F.3d 551, 561 (2d Cir. 2020) (finding declarant was unavailable when the declarant's counsel represented that the declarant would claim Fifth Amendment privilege if called to testify, which the trial court later confirmed); *Thomas*, 571 F.2d at 288 (finding a formal ruling of the court sustaining the privilege was unnecessary in a joint trial where the declarant-codefendant had already exercised his Fifth Amendment privilege by electing not to testify).

opposing party must be the one who adopted the statement of another and the one against whom the statement is offered. Neither requirement is met here. Thus, Rule 801(d)(2)(B) does not apply either.

Accordingly, it is now

**ORDERED:**

The Government's Second Motion in Limine to Admit Statements Against Interest (Doc. 369) is **DENIED without prejudice**.

**DONE AND ORDERED** in Fort Myers, Florida on July 22, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record