UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                             Case No.: 2:19-cr-150-SPC-NPM

CRAIG AUSTIN LANG

**OPINION AND ORDER**

Before the Court is Defendant Craig Austin Lang's Motion to Sever Counts 5 and 6, the Foreign Conspiracy and Neutrality Act Counts, For Separate Trial (Doc. 368) and the Government's response (Doc. 383). For the below reasons, the motion is denied.

The Superseding Indictment charges Lang and codefendant Alex Zwiefelhofer with multiple counts for their involvement in a double murder and robbery. (Doc. 32). The charges are: conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count One); interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) and 2 (Count Two); conspiracy to use a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(o) (Count Three); use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(j)(1), and 2 (Count Four); conspiracy to kill, kidnap, or maim persons in a foreign country, in violation of 18 U.S.C. § 956(a)(1) (Count

Five); and violation of the Neutrality Act, 18 U.S.C. § 960, in Venezuela (Count Six).

Lang argues that Counts Five and Six must be severed. (Doc. 368 at 3). Relying on Rule 8(b), he argues that the Superseding Indictment "reveals no substantial identity of facts between the allegations of Counts 5 & 6 and the others." (*Id.* at 4). In Lang's view, the first four counts relate to the alleged robbery-killing, whereas the last two counts relate to plans to back rebels in Venezuela. (*Id.*). Alternatively, he argues that the Court should sever the last two counts under Rule 14(a) because "the evidence to be presented in those counts is extraordinarily prejudicial and otherwise irrelevant to the first four." (*Id.* at 5). Lang argues that the last two counts rely on evidence and witnesses that are unrelated to the murders and will "unfairly tar" his character for "no good reason." (*Id.* at 6).

Federal Rule of Criminal Procedure 8(b) provides:

> Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

"Under Rule 8(b), offenses may not be joined unless they arise out of a series of acts or transactions, regardless of how similar they may be in character." *United States v. Kopituk*, 690 F.2d 1289, 1312 (11th Cir. 1982) (citing 1 C.

Wright, Federal Practice and Procedure s 144 (1969)). "To constitute a series of acts or transactions, there must be substantial identity of facts or participants among the various offenses." *Id.* at 1313 (internal quotation marks omitted). The Eleventh Circuit explains that "Rule 8(b) is a pleading rule and joinder under Rule 8(b) is to be determined before trial by examining the allegations contained in the indictment." *United States v. Morales*, 868 F.2d 1562, 1567 (11th Cir. 1989).

    Federal Rule of Criminal Procedure 14(a) provides:

> Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Lang's arguments fail. First, the Superseding Indictment connects the first four and the last two counts. Count Five explains that in April 2018, Lang and Zwiefelhofer traveled from Miami to Estero to commit an armed robbery to obtain money and property to fund their travel to Venezuela. (Doc. 32 at 6). And Count Six charges the codefendants with planning the military expedition in Venezuela charged in Count Five in violation of the Neutrality Act. (*Id.* at 7). Put simply, Lang and Zwiefelhofer allegedly robbed and killed S.L., Jr. and D.L. to obtain funding for their military expedition in Venezuela. They allegedly used the firearms and ammunition that were brought in furtherance

of the military expedition to carry out the robbery. Moreover, the offenses in all six counts are temporally proximate. (Doc. 383 at 11). So the Court finds that the Superseding Indictment properly joined the offenses and defendants.

Next, the Court must determine whether joinder creates undue prejudice to Lang under Rule 14. It does not. Some circumstances in which a defendant may be prejudiced by joinder include:

> (1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find. A less tangible, but perhaps equally persuasive, element of prejudice may reside in a latent feeling of hostility engendered by the charging of several crimes as distinct from only one. Thus, in any given case the court must weigh prejudice to the defendant caused by the joinder against the obviously important considerations of economy and expedition in judicial administration.

*United States v. Pierce*, 733 F.2d 1474, 1477 (11th Cir. 1984) (citation omitted). Rule 14(a) leaves the tailoring of the relief to the district court's sound discretion. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993).

For severance to be proper in the Eleventh Circuit, a defendant must demonstrate specific and compelling prejudice to the conduct of his defense, resulting in fundamental unfairness. *United States v. Baker*, 432 F.3d 1189, 1236 (11th Cir. 2005). The test for compelling prejudice is whether, under all circumstances of a particular case, it is within the capacity of the jury to follow

the instructions and accordingly evaluate the independent evidence against each defendant's own acts, statements, and conduct. *United States v. Kabbaby*, 672 F.2d 857, 861 (11th Cir. 1982).

The Court finds that all six counts should be tried together. The Court has no reason to believe that the jury will not follow the Court's jury instructions. The six counts are inextricably intertwined in terms of facts, participants, and timeframe. As the Government points out, the evidence in Counts Five and Six explains the motive behind Lang's actions in the first four counts. (Doc. 383 at 15). The firearms associated with Counts One through Four were part of the military expedition that is associated with Counts Five and Six. (*Id.*) Witnesses who would testify about their knowledge of the criminal activity in Counts Five and Six also became aware of facts and circumstances relating to Counts One through Four from Lang. Because the Court finds that Lang will suffer no compelling prejudice if all counts in the Superseding Indictment are tried together, his motion is denied.

Accordingly, it is now

**ORDERED:**

Defendant Craig Austin Lang's Motion to Sever Counts 5 and 6, the Foreign Conspiracy and Neutrality Act Counts, For Separate Trial (Doc. 368) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on July 24, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record